**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MARGARET J. AHO, | ) | Chapter 13 |
| | ) | Case No. 09-41949-JBR |
| Debtor. | ) | |
| _____ | ) | |

**MEMORANDUM OF DECISION**

      This matter came before the Court on the Amended Objection of debtor Margaret Aho ("Aho") to Claim #3 of U.S. National Bank Association ("U.S. Bank") [docket # 29] and U.S. Bank's Response [docket #36] thereto.  A hearing was held on September 29, 2009, before and after which the parties filed documentation and memoranda in support of their positions.
      U.S. Bank holds a mortgage on Aho's home, located at 20 Bertha Avenue in Gardner, Massachusetts.  On July 14, 2009, U.S. Bank filed a Proof of Claim in the amount of $162,671.14.  This total included, among other things, fees and expenses of $2,757.00 which U.S. Bank later claimed were incurred prepetition, "in connection with the borrower's default." Response to Amended Objection to Claim at 3 [docket #36].  Specifically, most of the costs were incurred in U.S. Bank's preparation to foreclose on Aho's home.
      Aho does not, and indeed could not, dispute that under the terms of her mortgage agreement with U.S. Bank, reasonable fees and expenses incurred by the lender as a result of the borrower's default are to be added to the total balance due.  Instead, Aho argues that a certain portion of U.S. Bank's claim, specifically $2,685.47, is unreasonable, and thus must be borne by U.S. Bank and not added to the secured obligation.  This Memorandum will address the reasonableness of specific fees and expenses sought by U.S. Bank.

**Auctioneer Fee**
      U.S. Bank claims an "auctioneer fee" in the amount of $550.00, and Aho responds that this fee is unreasonable because no auction was ever held.  At the hearing, U.S. Bank attested that the auctioneer fee "was incurred in connection with scheduling the auction and arranging for the publication." Official Tr. at 17 [docket #39].  Supposedly in support of that proposition, U.S. Bank submitted an invoice from an auction company with a single item, reading "SALE CANCELLED 20 BERTHA AVE GARDNER, MA NO AD," at a price of $550.00.  Ex. Invoices [docket # 42].  The Court does not rule out the possibility that an auctioneer could reasonably charge that amount or more for preparatory work in anticipation of an auction, and that, even if the auction did not go forward, such a fee might reasonably be chargeable to the bankruptcy estate.  But in the instant case, the evidence suggests that little or no work was actually done by the auctioneer, and U.S. Bank failed to adduce any evidence or explanation that would contradict that suggestion.  Therefore, the auctioneer fee of $550.00 is disallowed.

**Assignment Recording Fee**

U.S. Bank also claims a recording fee of $75.00 for an assignment of the mortgage between U.S. Bank and another entity, Mortgage Electronic Registration Systems, also known as MERS. MERS was the original mortgagee, as nominee for the the original lender, Credit Suisse Financial Corporation. *See* Mortgage, Ex. 1 to Resp. to Amended Objection to Claim at 1 [docket #36]. U.S. Bank claims that this fee was appropriately charged to Aho under the terms of the mortgage and note, because it was incurred in the process of "obtaining a clear chain of title." Official Tr. at 16 [docket #39]. The Court finds this fee patently unreasonable and bordering on outrageous. If a mortgagee chooses to transfer its interest in a mortgage to another party, in a transaction that clearly benefits no one but the mortgagee, it is unreasonable to ask the mortgagor to pay to undo that transaction once it no longer stands to benefit the mortgagee. To suggest that the mortgagor should bear the expenses of the transfer of mortgages in this convoluted syndication world is laughable. The assignment recording fee is disallowed.

**Title Examination**

U.S. Bank claims a total of $425.00 for title examination fees. In support, it submits an invoice listing two items: a "Two Owner Title Rundown," costing $300.00, and a "29 Day Rundown," costing $125.00. Ex. Invoices [docket #42]. These fees were incurred on February 12, 2009, and May 14, 2009, respectively. Resp. to Amended Objection to Claim, Ex. 4 [docket #36]. Considering that Aho is the sole owner of her home, it is unclear why a "two owner" rundown would be reasonable. The Court must infer that this two-owner approach was applied to the second title rundown as well as the first. In the absence of any further evidence supporting the title examinations' reasonableness, the Court must disallow half of the $425.00, or $212.50, as duplicative and unreasonable.

**Unspecified Professional Services**

U.S. Bank claims $440.00 for "Professional Services," as the expense is titled in the invoice it submits. Resp. to Amended Objection to Claim, Ex. 4 [docket #36]. Absent more detail, it is unreasonable for Aho's estate to pay for this expense. The fee for unspecified professional services is disallowed.

**SCRA Action**

Aho's remaining objection to U.S. Bank's claim concerns a proceeding U.S. Bank brought in Massachusetts state court to obtain an order stating that Aho was not in active military service. This procedure is very common in Massachusetts as a means of ensuring compliance with the federal Servicemembers' Civil Relief Act (SCRA), 50 U.S.C. § 502 *et seq.*, which invalidates foreclosures on servicemembers' homes unless a "court order" authorizing the foreclosure has issued.[1] 50 U.S.C. § 533(c)(1). An uncodified but still effective Massachusetts statute (hereinafter the "Massachusetts SCRA statute") provides a procedure for obtaining such a court order in Massachusetts state court. *See* St. 1943 Mass. Acts and Resolves 50-52.

---

[1] However, this requirement can be circumvented, in circumstances specified by the statute, by agreement of the parties. *See* 50 U.S.C. § 533(c)(1).

2

In this case, U.S. Bank brought an action in the manner prescribed by the Massachusetts SCRA statute prior to foreclosing on Aho's home, obtained the "court order" described by the federal statute, and later included in its Proof of Claim the costs incurred in bringing the action. Aho responds with a novel argument that it is unreasonable to charge her estate the costs of bringing the SCRA. In its most persuasive iteration, Aho's argument is that U.S. Bank could have easily obtained proof that Aho was not a servicemember, either by asking her to execute an affidavit to that effect, or by entering her information into the free Department of Defense website, which provides updated information on any individual's military service.[2] If, Aho argues, U.S. Bank could have obtained such proof that Aho was not a servicemember, it was unreasonable to charge her estate to obtain a court order which had no legal effect unless Aho were a servicemember.

Although Aho's intriguing argument may merit further attention in other fora, such as the Massachusetts legislature, the Court is not prepared to denounce actions under the Massachusetts SCRA statute as unreasonable. Cases and trusted practice guides interpreting Massachusetts law suggest that an SCRA action is an advisable prerequisite to *any* foreclosure, and that suggestion is sufficient to satisfy the reasonableness inquiry currently before the Court. *See*, e.g., *Silva v. Massachusetts*, Nos. 08-1956, 08-2559, 2009 WL 2902712 at *1 n.2 (1st Cir. 2009) ("[T]here would remain a cloud on [the foreclosing mortgagee's] title until she filed suit to establish that neither [mortgagor] was entitled to relief under the federal statute") (citation omitted); *Lynn Inst. for Sav. v. Taff*, 314 Mass 380, 386 (1943) ("It is only by proceeding under the [SCRA's precursor] that a mortgagee [can] be certain that the foreclosure of his mortgage will not be made in violation of the act.'") (second alteration in original) (quoting *Hoffman v. Charlestown Five Cents Savings Bank*, 231 Mass. 324, 329-29 (1918)); 28 Massachusetts Practice, Real Estate Law § 10.4 (4th ed.) (describing the Massachusetts compliance statute as establishing "a court procedure to determine that no one interested in the property is in the military service," without suggesting that other, cheaper means are available to do so). Therefore, Aho's objection to costs incurred by bringing the SCRA action is overruled.

**Conclusion**

In accordance with the foregoing, Aho's Objection is SUSTAINED to the extent of $1,277.50 and U.S. Bank's Proof of Claim is ALLOWED in the amount of $161,393.64. The debtor is directed to file a second amended Chapter 13 plan consistent with this decision.

A separate order will issue.

Dated: November 16, 2009

_____
U.S. Bankruptcy Judge

---

[2] US Department of Defense, SCRA Web Site, https://www.dmdc.osd.mil/appj/scra/scraHome.do (last visited November 16, 2009).

3