**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| MARGARET J. AHO, | ) | Case No. 09-41949-JBR |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**MEMORANDUM OF DECISION**

On November 16, 2009, the Court entered a Memorandum of Decision and an accompanying Order [docket ## 45 and 46, respectively] on debtor Margaret Aho's Amended Objection to Claim 3 [docket # 29], and the response [docket # 36] of U.S. Bank National Association, as trustee, on behalf of the holders of CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-5 (hereinafter "U.S. Bank").  Now before the Court is U.S. Bank's Motion to Reconsider and for Rehearing pertaining to that matter (hereinafter the "Motion to Reconsider") [docket # 50], and debtor Margaret Aho's response thereto [docket # 52].

A hearing on the Amended Objection to Claim was held on September 29, 2009, before and after which the parties filed evidentiary documents in support of their positions.  By its Motion to Reconsider, U.S. Bank now asserts it is entitled to another hearing on the Amended Objection to Claim.  In support of its claim, U.S. Bank cites Federal Rule of Bankruptcy Procedure 9014 and the order scheduling the September 29 hearing, which stated:

> The above hearing shall be <u>nonevidentiary</u>.  If, in the course of the nonevidentiary hearing, the court determines the existence of a disputed and material issue of fact, the court will schedule a further evidentiary hearing.

[docket #22] (emphasis in original).  U.S. Bank's claim of entitlement is misguided.

1

U.S. Bank is correct in stating that the September 29 hearing was characterized as nonevidentiary. And as the language of the scheduling order makes clear, the Court was prepared, either *sua sponte* or upon motion of either party, to order additional presentation of evidence to flesh out any disputed and material issue of fact remaining after the first hearing.[1] But the Court's language at hearing–and in a separate order served on the parties–that the matter was "taken under advisement" provided the parties with ample notice that the Court was prepared to rule without further presentation of evidence, and in the period of more than a month and a half between the September 29 hearing and the November 16 decision, neither party requested an evidentiary hearing. Transcript at 20 [docket # 39]; Order Regarding Amended Objection to Claim # 3 and Objection to Confirmation [docket # 37]. Implicit in the Court's decision in this matter was the ruling–made after ample opportunity for the parties to convince the Court otherwise–that no disputed and material fact existed to necessitate a further hearing. Therefore U.S. Bank's Motion for Reconsideration and for Rehearing is DENIED.

A separate order will issue.

Dated: December 10, 2009,                                By the Court:

*Joel B. Rosenthal*

_____
U.S. Bankruptcy Judge

---

[1] In fact, the Court granted U.S. Bank's request, made at the November 29 hearing, for additional time to supplement the documents it submitted prior to hearing in support of its Response to the Amended Objection. *See* Transcript at 19-20 [docket # 39].